-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

NATHANIEL BEARD, Jr.,

        Petitioner,

        -v-

DAVID UNGER, Supt. Of Orleans,

        Respondent.

**DECISION and ORDER**
06-CV-0405S

___

    Petitioner, Nathaniel Beard, Jr., who filed this petition for a writ of habeas corpus *pro se*, has now filed a letter requesting that the petition be stayed and held in abeyance "[d]ue to the fact that [he] recently received some new information that [he] would like to submit to the [state] court, therefore exhausting [his] remedies which will allow [him] to eventually consolidate the recently submitted 440.10 motion with [his] pending federal habeas petition." (Docket No. 15). For the following reasons, the request to stay the petition and hold it in abeyance pending state court exhaustion proceedings is denied without prejudice to refiling upon a proper showing pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

    In Rhines, the United States Supreme Court directly addressed the stay-and-abeyance approach that had been utilized for a number years by several Circuits, including the Second, see Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom.* Fischer v. Zarvela, 534 U.S. 1015, 122 S. Ct. 506, 151 L. Ed. 2d 415 (2001). That approach allowed a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims

so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims.

While approving the use of the stay-and-abeyance approach, the Supreme Court nonetheless limited its use to only those situations where petitioner made a showing that there was "good cause"[1] for his failure to exhaust the claims in state court prior to filing the federal habeas petition, that the unexhausted claims are not "plainly meritless," and that he did not engage in any dilatory litigation tactics. Rhines, 544 U.S. at 277-78; *see also,* Faden v. Annetts, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 205) (denying request for stay without prejudice to renew upon a showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

In the instant matter, petitioner has failed to address, let alone establish, any of the three criteria for the granting of a stay as set forth in Rhines. Petitioner simply asks the Court to stay the petition to allow him to go back to state court and exhaust some unspecified claim. He does state he just learned of "new" information, which the Court

---

[1] "[T]he majority of th[e] lower courts which have addressed the issue [of good cause] at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, *5 (E.D.N.Y., Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default (citation omitted), the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at * 6.

presumes is the basis of the new claim he wishes to exhaust and then raise herein.[2] Petitioner offers no justification for why he did not previously exhaust this claim, whatever it may be, and provides nothing in support of this claim which would allow the Court to make a preliminary determination as to whether the claim is "plainly meritless."

Additionally, if the claim petitioner wishes to exhaust in state court (and will then seek to add to the petition) is a new claim—*i.e.*, one not already raised in the petition—petitioner has not established that the new claim "relate[s] back" to the claims pled in the petition and is thus not barred by the statute of limitations, 28 U.S.C. § 2244(d)(1). *See* Fed. R. Civ. P. 15(a); Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Without a showing of good cause, and that the claim presently being exhausted is not "plainly meritless," and that petitioner has not engaged in any dilatory litigation tactics, petitioner's request for a stay of these proceedings must be denied.

IT IS HEREBY ORDERED that petitioner's letter request (Docket No. 15) to stay the petition for a writ of habeas corpus is **DENIED** without prejudice to re-filing upon a

---

[2] If the claim petitioner now seeks to exhaust in state court is a "new" claim which was not pled in the original petition, the petition before the Court is not a "mixed" petition, *Rose v. Lundy*, 455 U.S. 509, 518 (1982), and the Court has no discretion to stay it and hold in abeyance. *See Zarvela*, 254 F.3d at 381. Therefore, if the claim petition now seeks to exhaust and then wishes to add to the petition is a new claim not presently raised in the original petition, petitioner must, in addition to filing a renewed motion for a stay, file an amended petition which contains both the claims raised in the original petition and the new claim. The amended petition must also set forth whether or not the claims raised are exhausted or unexhausted and, if unexhausted, the status of the state court exhaustion proceedings.

adequate showing pursuant to Rhines, 544 U.S. at 277-78, that (1) there is good cause for petitioner's failure to exhaust the claim he claims to now be exhausting in state court, (2) said claim relates back to the claims originally pled in the petition, and (3) the claim is not plainly meritless;

FURTHER, that any renewed motion to stay these proceedings must be filed no later than **30 days** after petitioner's receipt of this Order, and respondent shall have **20 days** upon receipt of the renewed motion for a stay, if any, to file a response to said motion. Any renewed motion for a stay filed after that time period will be denied, unless petitioner can establish good cause for his inability to file a renewed motion for a stay within 30 days. The renewed motion for a stay should address what steps, if any, petitioner has taken to exhaust the new claim in state court and the status of any state court motions or proceedings related to the new claim;[3]

FURTHER, that if the claim petitioner is now seeking to exhaust in state court is a "new" claim not raised in the original petition now before the Court, petitioner must file a proposed amended petition along with the renewed motion for a stay, which includes the claims raised in the original petition and the new claim petitioner is now seeking to exhaust in state court and wishes to add to this petition; and

FURTHER, the Clerk of the Court is directed to send to petitioner along with this Order a Form for filing a Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254 for his use in filing a proposed amended petition, and the Court's Pro Se Form Motion and

---

[3] Nothing in this order prevents petitioner from filing a state court motion for post-conviction relief while this action is pending.

Instructions Packet for his use, if he so chooses, in filing a renewed motion for a stay-and-abeyance.

    SO ORDERED.

Dated:    January 21, 2009
           Buffalo, New York

                                                  <u>/s/William M. Skretny</u>
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge